Filed 6/28/16  P. v. Lobstein CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068559 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF34142) |
| STEPHAN RAY LOBSTEIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Raymundo Ayala Cota, Judge.  Affirmed.

Bird Rock Law Group and Andrea S. Bitar for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

Stephan Ray Lobstein was convicted of eight misdemeanor counts arising out of a domestic violence incident, namely, one count of misdemeanor battery against a spouse (Pen. Code, § 243, subd. (e)(1)); four counts of misdemeanor assault (*id*., § 240); and

three counts of misdemeanor child abuse (*id*., § 273a, subd. (b).)  The trial court sentenced Lobstein to four years of formal probation and 30 days in jail.

Lobstein contends that the trial court violated the applicable rules of evidence and his federal constitutional right to confrontation (U.S. Const., 6th Amend.) by allowing a police officer to testify about out-of-court statements made by Lobstein's wife on the day of the domestic violence incident.  We conclude that the trial court erred in admitting the police officer's testimony describing the out-of-court statements, but the error was not prejudicial, as substantially the same evidence could have been properly admitted at trial through a transcript of the police officer's preliminary hearing testimony.

I

FACTUAL AND PROCEDURAL BACKGROUND

Lobstein is married to Mayra Lobstein.  In October 2014, the couple lived together with their three young children, and Mayra was approximately three months pregnant.[1]

Officer Abel Heredia of the Imperial Police Department testified at both the preliminary hearing and the trial in this matter.  According to Officer Heredia's testimony on both occasions, he responded on the evening of October 12, 2014, to a dispatch call that directed him to go to a hospital to investigate a domestic disturbance.  At the hospital, Officer Heredia spoke to Mayra, who described an altercation with Lobstein that occurred earlier in the day.

---

[1]     For the sake of clarity, we refer to Mayra by her first name, and we intend no disrespect by doing so.

Mayra told Officer Heredia that in the morning, she and Lobstein were involved in a verbal argument at their home that turned physical. According to Mayra, Lobstein grabbed her and threw her down on the bed, which made her stomach hurt. Mayra twice tried to sit up, but Lobstein grabbed her by the hair and pulled her back down both times. When Mayra tried to sit up for a third time, Lobstein pulled her down again, and on the way down, Mayra's head hit the wall next to the bed. Mayra tried to yell, but Lobstein held his hand over her mouth and nose, so that she could hardly breathe.

Mayra told Officer Heredia that she was able to get free from Lobstein, and she then informed Lobstein that she was going out to buy some tea, taking the children with her. Mayra drove away with the children, and a short time later she saw Lobstein driving behind her in his vehicle. Mayra saw a parking lot for the California Highway Patrol and decided to turn into it to scare Lobstein away from her. Before Mayra reached the parking lot, Lobstein rammed his car into Mayra's vehicle, causing her to swerve. Mayra then proceeded to the California Highway Patrol parking lot, and Lobstein did not follow her.

At the hospital, Officer Heredia observed scratches on Mayra's face and bruising on her thighs. Mayra told Officer Heredia that she planned to stay at her mother's house after leaving the hospital because she was afraid of Lobstein.

Lobstein was charged with eight felony counts: one count of corporal injury to a spouse (Pen. Code, § 273.5); three counts of child abuse (*id*., § 273a, subd. (a)); and four counts of assault with a deadly weapon (*id*., § 245 (a)(1)).

3

At trial, Mayra refused to testify when she was called as a witness by the People, and the trial court found her to be in contempt of court. Because Mayra was unavailable as a witness, the trial court ordered that her preliminary hearing testimony be read to the jury at trial pursuant to Evidence Code section 1291.[2] During Mayra's preliminary hearing testimony, Mayra gave an account that differed from what she told Officer Heredia. Mayra testified that she and Lobstein were involved in a verbal altercation, but it never became physical and Lobstein never touched her. Mayra also explained that her vehicle did collide with Lobstein's vehicle, but the collision was an accident that occurred when Lobstein was turning right while running a red light at the same time that the light turned green and Mayra accelerated into his vehicle. Mayra testified that she did not remember what she told Officer Heredia at the hospital.

At trial, the jury saw photographs and heard testimony about the damage to Mayra's vehicle. Mayra's mother testified at trial that Mayra was crying and sad on the day of the incident, but she claimed not to remember what Mayra told her about the details of the problems she was having with Lobstein. An investigator for the district attorney's office who interviewed Mayra's mother in January 2015, testified that Mayra's mother stated that Mayra had described a physical altercation with Lobstein in which Lobstein hit and choked Mayra and rammed Mayra's car. The jurors were instructed that the investigator's testimony about Mayra's statements to her mother was to be used only

---

2    Evidence Code section 1291, subdivision (a)(2) permits the admission of former testimony of an unavailable witness when, as here, the party against whom it is offered had an opportunity to cross examine the declarant during the former hearing.

4

to decide whether they believed Mayra's preliminary hearing testimony, but not as proof of the truth of Mayra's statements.

Lobstein testified in his own defense. He stated that he and Mayra had a verbal argument, and Mayra was upset, so she scratched herself in the face, pulled her own hair and threw herself back onto the bed, hitting her head on the wall. He hugged her to try to calm her down, but she pushed him away. Lobstein explained that after the argument ended, Mayra left with the children to get some iced tea, and he left to go to his uncle's house. While he was driving, he saw Mayra's car, and their vehicles accidently collided when Mayra accelerated while he was trying to make a right turn in front of her.

The jury found Lobstein not guilty on each of the eight felony counts, but convicted him of lesser included misdemeanors on each count, consisting of one count of misdemeanor battery against a spouse (Pen. Code, § 243, subd. (e)(1)); four counts of misdemeanor assault (*id*., § 240); and three counts of misdemeanor child abuse (*id*., § 273a, subd. (b)). Lobstein was sentenced to four years of formal probation and 30 days in jail.

## II.

## DISCUSSION

Lobstein contends that the trial court improperly admitted Officer Heredia's testimony about the statements that Mayra made to him in the hospital. According to Lobstein, Mayra's statements to Officer Heredia were inadmissible hearsay and were

5

testimonial in nature, so that their admission at trial violated both the applicable evidentiary rules and Lobstein's constitutional rights under the confrontation clause.[3]

A.      *Standard of Review*

"[A]n appellate court applies the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence, including one that turns on the hearsay nature of the evidence in question."  (*People v. Waidla* (2000) 22 Cal.4th 690, 725.)

B.      *Lobstein Adequately Preserved the Issue for Appeal*

Before turning to the merits of Lobstein's argument, we must initially address the People's contention that Lobstein failed to preserve his argument challenging the admission of Officer Heredia's testimony by not raising a specific objection during trial. The People rely on the rule that a party may not seek reversal on appeal based on the erroneous admission of evidence unless it made a specific objection to the evidence in the trial court.  (Evid. Code, § 353.)

Here, however, Lobstein did object to the admission of Officer Heredia's testimony about Mayra's statements on the grounds that Lobstein now raises on appeal, namely that the testimony would constitute inadmissible hearsay and its admission would

---

3       "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.' "  (*Crawford v. Washington* (2004) 541 U.S. 36, 42.)  "[T]his provision bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.' "  (*Davis v. Washington* (2006) 547 U.S. 813, 821.)  Here, the parties do not dispute that Mayra's statement to Officer Heredia were testimonial in nature.

violate Lobstein's constitutional right to confront the witnesses against him. Specifically, Lobstein filed two relevant motions in limine: (1) to exclude Mayra's statements to Officer Heredia on that ground that they were hearsay and their admission violated the confrontation clause; and (2) in a later filed motion, to exclude Mayra's statements to Officer Heredia even if Mayra's preliminary hearing testimony was admitted, because the requirements for admission under Evidence Code section 1294 were not met and, in the alternative, for a ruling that the jury be instructed that Mayra's statements should be considered only to evaluate the credibility of Mayra's preliminary hearing testimony, not for their truth. The trial court denied the motions.[4] At the time of the in limine ruling, defense counsel asked that the trial court afford him a continuing objection to any hearsay statements in Officer Heredia's testimony to save him from interposing numerous objections during the testimony. The trial court agreed to do so.

Under those circumstances, we conclude that defense counsel sufficiently preserved for appeal the argument that the admission of Officer's Heredia's testimony about Mayra's statements was inadmissible hearsay and violated his rights under the confrontation clause.

C.   *Officer Heredia's Live Testimony About Mayra's Statements Was Not Admissible*

---

[4]     The trial court also gave no limiting instruction to the jury as to how it could use Officer Heredia's testimony about Mayra's prior statements, unlike the limiting instruction it gave regarding the district attorney investigator's statements about what Mayra's mother had related to him about what Mayra told her. Thus, consistent with its ruling on the motions in limine, the trial court allowed the jury to rely on Mayra's out-of-court statements to Officer Heredia to establish their truth.

We next consider the merits of Lobstein's argument that the trial court erred in admitting Officer Heredia's testimony about Mayra's hearsay statements to him.

Evidence Code section 1294 provides: "(a) The following evidence of prior inconsistent statements of a witness properly admitted in a preliminary hearing or trial of the same criminal matter pursuant to [Evidence Code] Section 1235[5] is not made inadmissible by the hearsay rule if the witness is unavailable and former testimony of the witness is admitted pursuant to [Evidence Code] Section 1291: [¶] (1) A video recorded statement introduced at a preliminary hearing or prior proceeding concerning the same criminal matter. [¶] (2) A transcript, containing the statements, of the preliminary hearing or prior proceeding concerning the same criminal matter. [¶] (b) The party against whom the prior inconsistent statements are offered, at his or her option, may examine or cross-examine any person who testified at the preliminary hearing or prior proceeding as to the prior inconsistent statements of the witness." As case law explains, the legislative history of Evidence Code 1294 shows that it was enacted to create "a new hearsay exception allowing 'the statement of a person, who is unavailable as a witness, to be introduced as evidence in court if the statement was previously introduced at a hearing

---

5      Evidence Code section 1235 allows the admission of prior inconsistent statements of a witness if those statements are offered in compliance with Evidence Code section 770, which requires that (1) the witness was examined while testifying to give him or her an opportunity to explain or deny the statement; or (2) the witness was not excused from further testimony. Here, the trial court ruled that Mayra was examined by Lobstein during her preliminary hearing testimony and given an opportunity to explain or deny the statements she made to Officer Heredia, and Mayra was available to be recalled to testify at the preliminary hearing after Officer Heredia testified, had defense counsel desired to do so. Lobstein does not take issue with that ruling on appeal.

or trial as a prior inconsistent statement of the witness.' " (*People v. Martinez* (2003) 113 Cal.App.4th 400, 408 (*Martinez*).)

Here, Evidence Code section 1294 applies because (1) Mayra was an unavailable witness; (2) her testimony at the preliminary hearing was admitted pursuant to Evidence Code section 1291; and (3) the statements that Mayra made to Officer Heredia were prior inconsistent statements in that they described events differently from how Mayra described them at the preliminary hearing. Therefore, under Evidence Code section 1294, those prior inconsistent statements by Mayra could be admitted at trial if they were in the form of either "[a] video recorded statement introduced at a preliminary hearing or prior proceeding concerning the same criminal matter," or "[a] transcript, containing the statements, of the preliminary hearing or prior proceeding concerning the same criminal matter." (*Id*., § 1294, subd. (a)(1) & (2).)

A transcript of Officer Heredia's testimony from the preliminary hearing, containing Mayra's out of court statements would constitute the second type of evidence described in Evidence Code section 1294, namely "[a] transcript, containing the statements, of the preliminary hearing . . . concerning the same criminal matter" (*id*., subd. (a)(2)), and therefore would have been admissible under section 1294. However, Mayra's prior inconsistent statements were not introduced at trial through *a transcript* of Officer Heredia's preliminary hearing testimony. Instead, Officer Heredia was permitted to give *live testimony* at trial, during which he recounted the hearsay statements that Mayra made to him in the hospital. The admission of Officer Heredia's live testimony

9

describing Mayra's hearsay statements was not permitted by the hearsay exception set forth in section 1294. Accordingly, the trial court erred in admitting it.

D.    *The Error Was Not Prejudicial*

Although the trial court erred in admitting Officer Heredia's live testimony recounting Mayra's out-of-court statements to him, Lobstein cannot establish that the error was prejudicial.

Lobstein contends that his federal constitutional right to confrontation was violated by the admission of Mayra's statements against him through Officer Heredia's testimony. To the extent that a federal constitutional error occurred, the applicable standard for assessing prejudice is that set forth in *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*). Under *Chapman*, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." (*Id*. at p. 24.) In contrast, if the only error at issue here arises under the Evidence Code, the standard for assessing prejudice set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836, would apply, under which an error is prejudicial if "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Ibid*.)[6]

---

[6]    Although the People contend that only state law evidentiary error occurred, as Lobstein had an opportunity to cross-examine Mayra at the preliminary hearing, satisfying the confrontation clause, we need not and do not resolve whether a confrontation clause violation occurred here. Even assuming solely for the sake of our analysis that a federal constitutional violation occurred, Lobstein has not established prejudicial error under the standard set forth in *Chapman*, *supra*, 386 U.S. 18.

10

Here, under either standard for assessing prejudice, the error in admitting Mayra's out-of-court statements through Officer Heredia's live testimony was harmless. As we have explained, under Evidence Code section 1294, the prosecutor could have properly admitted a transcript of Officer Heredia's preliminary hearing testimony. Except for minor differences, the content of Officer Heredia's testimony at the preliminary hearing and his testimony at trial were substantially identical in describing what Mayra told him at the hospital. Further, no confrontation clause violation could possibly have existed if the transcript of Officer Heredia's preliminary hearing testimony describing Mayra's statement to him was introduced at trial as required by section 1294, as Lobstein had an opportunity to cross examine Mayra at the preliminary hearing. Because the People could have properly obtained admission of substantially the same evidence by using Officer Heredia's preliminary hearing transcript without offending the rules of evidence or the confrontation clause, we conclude that the admission of Officer Heredia's live testimony describing Mayra's out-of-court statements was harmless beyond a reasonable doubt, and Lobstein would have obtained the same outcome at trial without the error.

The People's opposition brief advances the same harmless error analysis that we have described above. In his reply brief, Lobstein argues that the People's harmless error analysis was flawed because the transcript of Officer Heredia's *preliminary hearing testimony* was also not admissible under Evidence Code section 1294. We disagree.

Lobstein contends that under Evidence Code section 1294, the only evidence of Mayra's prior inconsistent statements that would have been admissible at trial — if first introduced at the preliminary hearing — would have been (1) a video recording of Mayra

11

making the prior inconsistent statements, or (2) a transcript *of Mayra* making the prior inconsistent statements, such as if Mayra had participated in a police interview that had been transcribed. Lobstein explains that under this reading of the statute, the transcript of Officer Heredia's preliminary hearing testimony describing Mayra's out-of-court statements would not have been admissible at trial because it was a transcript of *Officer Heredia's* statements, not *Mayra's* statements.[7]

" 'We must look to the statute's words and give them their usual and ordinary meaning . . . . The statute's plain meaning controls the court's interpretation unless its words are ambiguous.' " (*People v. Robinson* (2010) 47 Cal.4th 1104, 1138.) Here, the plain language of section 1294 does not support Lobstein's interpretation. Specifically, section 1294 allows the admission of "[a] transcript, containing the statements, of the preliminary hearing or prior proceeding concerning the same criminal matter." (*Id*., § 1294, subd. (a)(2).) Because it refers to "[a] transcript . . . of the preliminary hearing," the Evidence Code is plainly referring to a transcript of what was testified to *at the preliminary hearing*, not a transcript of the declarant's statements *prior to the preliminary hearing*, such as in a police interview.

---

7    As Lobstein argues, "Because [Mayra's] prior, out-of-court statements to Officer Heredia was [*sic*] not admitted in a recording, *nor as a transcript, at the preliminary examination*, [Evidence Code] section 1294 simply does not apply, and could not provide a means to admit hearsay testimony." (Italics added.) He argues that "[i]n order to be admissible, [Mayra's] alleged prior inconsistent statement would need to be in the form of . . . a transcript of *her own, first-person testimony*," but "[b]ecause her alleged statements . . . to Officer Heredia[] were never recorded, they cannot qualify for the section 1294 hearsay exception." (Italics added.)

Further, this plain meaning is supported by the next paragraph in Evidence Code section 1294, which states that "[t]he party against whom the prior inconsistent statements are offered, at his or her option, may examine or cross-examine *any person who testified at the preliminary hearing or prior proceeding as to the prior inconsistent statements of the witness*." (*Id*., § 1294, subd. (b).) By referring to the option to examine "any person who testified at the preliminary hearing or prior proceeding as to the prior inconsistent statements of the witness," this paragraph emphasizes that the evidence permitted to be admitted under section 1294 may consist of the testimony at a preliminary hearing *from a third person*, describing the unavailable witness's prior inconsistent statements. (Cf. *Delgadillo v. Woodford* (9th Cir. 2008) 527 F.3d 919, 930 [explaining that under § 1294, the preliminary hearing transcripts of witnesses describing an unavailable domestic violence victim's out-of-court statements describing the domestic violence would have been admissible at trial in transcript form].)[8]

In sum, we conclude that because a transcript of Officer Heredia's *preliminary hearing testimony* describing Mayra's statements to him in the hospital would properly have been admitted under Evidence Code section 1294, the trial court's error in allowing

---

[8] Lobstein contends that *Martinez*, *supra*, 113 Cal.App.4th 400, supports his view of Evidence Code section 1294. We reject the argument, as *Martinez* says nothing about the meaning of the portion of section 1294 that allows the admission of a *transcript from a preliminary hearing* containing a prior inconsistent statement, and therefore is inapposite here. Instead, *Martinez* concerned the improper admission of an *audio recording* of a police interview of an unavailable witness, when that recording had not been admitted during the preliminary hearing where the unavailable witness testified. (*Martinez*, at p. 409.)

Officer Heredia to offer *live testimony* at trial as to Mayra's statements was harmless beyond a reasonable doubt, given the substantial similarity between the content of Officer Heredia's live testimony and the testimony at the preliminary hearing.

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.